*In re* SIMON

Docket No. 104800. Submitted June 22, 1988, at Detroit. Decided
    September 8, 1988.

    Petitioner, Cynthia Powell, and respondent, Kenneth Simon, were
    divorced in 1984 pursuant to a judgment entered in the Oak-
    land Circuit Court. Petitioner was awarded custody of the
    parties' daughter, Krystal Shannon K. Simon. Respondent was
    ordered to pay child support and visitation was denied to him
    until such time as he showed why visitation would be in the
    child's best interest. Petitioner thereafter remarried and, in
    1987, petitioned in the Oakland County Probate Court to have
    her daughter adopted by her new husband and to have respon-
    dent's parental rights terminated. Following a hearing, the
    trial court, George D. Lutz, J., terminated respondent's paren-
    tal rights on the grounds that respondent failed to visit, con-
    tact, or communicate with the child for two years or more and
    failed to comply with the support provision of the divorce
    decree. Respondent appealed.

    The Court of Appeals *held:*

    1. Respondent was not denied the effective assistance of
    counsel.

    2. The court's findings were sufficient to sustain termination
    of respondent's parental rights.

    Affirmed.

1. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — ATTOR-
    NEY AND CLIENT.

    The Court of Appeals, in analyzing claims of ineffective assistance
    of counsel at parental rights termination hearings, applies by
    analogy the principles of ineffective assistance of counsel as
    they have developed in the criminal law context; the Court of
    Appeals will not substitute its judgment for that of trial coun-
    sel in matters of trial strategy.

REFERENCES

Am Jur 2d, Adoption §§ 27, 28, 56.

Am Jur 2d, Parent and Child §§ 34, 35.

Validity of state statute providing for termination of parental
    rights. 22 ALR4th 774.

2. ADOPTION — TERMINATION OF PARENTAL RIGHTS — BURDEN OF
   PROOF.

   A petitioner in an adoption proceeding must prove by clear and
   convincing evidence that termination of parental rights is
   warranted.

3. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — STAN-
   DARD OF REVIEW.

   The standard of review in termination of parental rights cases is
   the clearly erroneous standard; a finding is clearly erroneous
   when, although there is evidence to support it, the reviewing
   court, after examining all of the evidence, is left with a definite
   and firm conviction that a mistake has been made.

4. ADOPTION — TERMINATION OF PARENTAL RIGHTS — ADOPTION CODE.

   A parent who makes only two visits and one telephone call to his
   child in two years, despite the ability to have additional contact
   with the child, may be found to have substantially failed to
   visit, contact, or communicate with the child for purposes of
   termination of parental rights proceedings brought pursuant to
   the Adoption Code (MCL 710.51[6]; MSA 27.3178[555.51][6]).

*Daniel Bagdade,* Guardian Ad Litem, for Krystal
Simon.

*Stephen R. Bernstein,* for petitioner.

*John J. Cantarella,* for respondent.

Before: CYNAR, P.J., and SULLIVAN and J. R.
ERNST,* JJ.

PER CURIAM. Respondent, Kenneth David Simon,
appeals as of right from an order terminating his
parental rights to his minor daughter, Krystal
Shannon K. Simon, born October 26, 1975, pursu-
ant to the Michigan Adoption Code, MCL
710.51(6); MSA 27.3178(555.51)(6). We affirm.

On July 30, 1984, a default judgment of divorce
was entered in Oakland Circuit Court dissolving
the marriage of petitioner, Cynthia Powell (for-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

merly Simon), and respondent. Among several provisions, the divorce decree awarded custody of Krystal to petitioner. Respondent was ordered to pay child support. Visitation was denied to the respondent until such time as he showed cause why visitation would be in the child's best interest.

On March 26, 1987, petitioner and her present husband, William Powell, filed a petition to have Krystal adopted by Powell. On June 15, 1987, petitioner also filed a petition in probate court seeking to terminate respondent's parental rights to Krystal. A contested hearing on the adoption petition was held on October 2, 1987.

Petitioner testified that, after ten years of marriage, she divorced respondent. She stated that respondent has not voluntarily paid any child support. She was able to receive $150 in child support after the court attached respondent's wages. Since the divorce, respondent has never petitioned for visitation privileges, nor has he made any effort to communicate with Krystal. Respondent sent Krystal a birthday card on her first birthday following the divorce. Since that time, respondent has had no communications with Krystal. Petitioner testified that Krystal does not wish to see her father and that Krystal has not been prohibited from seeing him. Krystal's desire not to see her father has been consistent since the divorce decree.

Respondent testified that he currently resides in Pontiac, renting a bedroom from a friend and his family. He is employed as a machinist earning $5.91 per hour. Respondent acknowledged that he has not paid any child support since going back to work. He worked from October, 1985, to September, 1986, earning $3.40 per hour. He purchased a car in 1986 for $75. Respondent borrowed $200 from a friend to insure the car. In the past,

respondent has borrowed $10, $30 and $50 from a friend, which he has repaid. Respondent is currently paying $30 a week in rent. Respondent admitted to receiving a summons regarding child support, which he never opened. He considered finding a new place to live "more urgent" than paying his child support.

The last time he spoke to his daughter was in the spring of 1984. He acknowledged that he never attempted to contact his daughter due to the visitation provision in the divorce decree. In October, 1986, he tried to find his daughter to mail her a birthday card but was unable to do so since she had moved. He acknowledged that the divorce decree required both parties to advise the friend of the court of their addresses. However, according to respondent, he did not ask the friend of the court for his daughter's address because he believed that he was prohibited from all contact. Respondent admitted to being a chronic alcoholic, and is currently involved with Alcoholics Anonymous.

The final witness was Krystal. The last time she spoke to her father was the Friday before the divorce. She has received one birthday card from respondent since that time, but no other cards or presents. She testified that she gets along "very well" with her mother's husband and wants to be legally adopted by William Powell. She stated that no one has pressured her to do this. She no longer wishes to have any contact with respondent. Her mind has not changed even after seeing her father twice during these proceedings.

Following the hearing, the probate judge terminated respondent's parental rights on two grounds. First, respondent had failed to visit, contact, or communicate with the child for a period of two years or more, even though he had the means to do so. Second, the respondent had failed to comply

with the support provision in the divorce decree. Respondent now appeals raising two issues.

In his first claim, respondent alleges that he was denied the effective assistance of counsel at the termination hearing because counsel did not object to petitioner's calling respondent to testify. Respondent claims that his testimony was used as a basis for terminating his parental rights.

An indigent parent involved in a hearing which may terminate his or her parental rights is entitled to appointed counsel. MCR 5.906(C)(2)(b); *Reist v Bay Circuit Judge,* 396 Mich 326; 241 NW2d 55 (1976). The right to counsel includes the right to competent counsel. *In re Nash,* 165 Mich App 450, 458; 419 NW2d 1 (1987). In analyzing claims of ineffective assistance of counsel at termination hearings, this Court applies by analogy the principles of ineffective assistance of counsel as they have developed in the criminal law context. *In re Trowbridge,* 155 Mich App 785, 786; 401 NW2d 65 (1986).

In this case, respondent was not denied the effective assistance of counsel. Respondent's testimony was not adverse in the sense that it was used against him as a basis for terminating his parental rights. Respondent's testimony regarding his failure to pay child support was well documented in that he was in arrearage for a sum of $3,555.40. Additionally, it was also shown that respondent did not have any contact with his daughter for a three-year period.

From our perspective, we believe that counsel's decision to permit respondent to testify was a matter of trial strategy. Respondent was afforded the opportunity to explain the reasons for his failure to support and communicate with Krystal. In fact, during closing argument, respondent's attorney used respondent's testimony as a means of

explaining the father's failure to pay support and visit his daughter. As this Court has noted, we will not substitute our judgment for that of a respondent's counsel in matters of trial strategy. *Trowbridge, supra,* p 787.

Secondly, respondent alleges that the court's findings are insufficient to sustain termination pursuant to MCL 710.51, subds (6)(a) and (b); MSA 27.3178(551.51), subds (6)(a) and (b). We disagree.

MCL 710.51, subds (6)(a) and (b); MSA 27.3178(551.51), subds (6)(a) and (b), provides:

> If the parents of a child are divorced, or if the parents are unmarried but the father has acknowledged paternity or is a putative father who meets the conditions in section 39(2) of this chapter, and if the parent having legal custody of the child subsequently marries and that parent's spouse petitions to adopt the child, the court upon notice and hearing may issue an order terminating the rights of the other parent if both of the following occur:
>
> (a) The other parent, having the ability to support, or assist in supporting, the child, has failed or neglected to provide regular and substantial support for the child or if a support order has been entered, has failed to substantially comply with the order, for a period of 2 years or more before the filing of the petition.
>
> (b) The other parent, having the ability to visit, contact, or communicate with the child, has regularly and substantially failed or neglected to do so for a period of 2 years or more before the filing of the petition.

A petitioner in an adoption proceeding must prove by clear and convincing evidence that termination of parental rights is warranted. *In re Colon,* 144 Mich App 805, 813; 377 NW2d 321 (1985). The standard of review in termination of parental rights cases is the "clearly erroneous" standard. *In*

*re Cornet,* 422 Mich 274; 373 NW2d 536 (1985). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, after examining all of the evidence, is left with a definite and firm conviction that a mistake has been made. *In re Riffe,* 147 Mich App 658; 382 NW2d 842 (1985), lv den 424 Mich 904 (1986).

Respondent challenges the probate court's findings regarding his failure to communicate with his daughter under subparagraph (b) of the quoted statute. According to respondent, he did not communicate with Krystal due to the provision in the divorce decree barring any contact with his daughter. Respondent claims that he lacked the ability to visit his daughter due to his financial and emotional problems.

A parent who makes only two visits and one telephone call to his child in two years has "substantially failed" to visit, contact, or communicate with the child despite the ability to do so within the meaning of the statute. *In re Martyn,* 161 Mich App 474, 482; 411 NW2d 743 (1987). In *Colon, supra,* this Court held that eight to eleven visits in two years was a substantial failure to visit, contact or communicate, but the *Colon* Court apparently treated the issue as one of fact.

In this case, the probate court's findings that respondent substantially failed to visit his daughter are not clearly erroneous. While we recognize respondent's claim that the divorce decree prohibited visitation, we also are cognizant of the fact that respondent never requested visitation privileges. In addition, respondent knew that the friend of the court had his daughter's address and, yet, he made no effort to locate Krystal. We conclude that clear and convincing evidence warranting termination of respondent's parental rights was shown.

Affirmed.