# STATE OF MICHIGAN

# COURT OF APPEALS

In re PARKER, Minors.

UNPUBLISHED
June 11, 2015

No. 324166
Wayne Circuit Court
Family Division
LC No. 14-515552-NA

Before: SAAD, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Respondent C. Parker appeals by right the trial court's order terminating his parental rights to the minor children under MCL 712A.19b(3)(g) and (j). Because we conclude there were no errors warranting relief, we affirm.

The trial court did not clearly err when it found that the Department of Human Services established grounds for termination under § 19b(3)(j) by clear and convincing evidence. *In re Utrera*, 281 Mich App 1, 15; 761 NW2d 253 (2008); MCR 3.977(K). The evidence showed that respondent possessed and watched child pornography on his personal computer and had sexually abused a child under the age of 12 over a span of years. He was convicted of second-degree criminal sexual conduct arising from these incidents. See MCL 750.520c(1)(a). Respondent's children will still be under the age of 12 by the time respondent completes his minimum sentence. A psychotherapist, Matthew Rosenberg, who testified as an expert in "psychosexual therapy," evaluated respondent and concluded that respondent was in need of specialized therapy to address his sexual behaviors, and should not be permitted unsupervised contact with children under the age of 17. Although there was some evidence that respondent was less likely to harm his own children, the record evidence was sufficient to support an inference that respondent posed a danger to his children. Accordingly, we cannot conclude that the trial court clearly erred when it found that the Department had established grounds for termination under § 19b(3)(j) by clear and convincing evidence. MCR 3.977(K). Because it is only necessary to establish one statutory ground for termination, we need not address whether the trial court clearly erred with respect to its finding that the Department also established grounds for termination under § 19b(3)(g). *In re Frey*, 297 Mich App 242, 244; 824 NW2d 569 (2012).

-1-

Further, the trial court did not clearly err when it found by a preponderance that termination was in the children's best interests. MCL 712A.19b(5); *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). Rosenberg testified that respondent was a child molester who should not be around any children under the age of 17, unless he was participating in specialized therapy and the contact was supervised. That testimony was predicated on respondent's self-reporting in which he minimized the extent of his sexual contact with children. Respondent also denied any need for specialized sex offender therapy. Respondent's lack of insight into his problem and his history demonstrated that respondent would continue to pose a risk to children. The trial court did not clearly err in finding that termination of respondent's parental rights was in the children's best interests.

Respondent also argues that the trial court violated his right to due process by accepting his trial lawyer's withdrawal of the jury demand without obtaining respondent's consent. Respondent also complains that he was not properly advised of his right. Because respondent did not raise these issues before the trial court, our review is limited to plain error. *Rivette v Rose-Molina*, 278 Mich App 327, 328; 750 NW2d 603 (2008).

Although parents have a significant due process interest in the companionship, care, custody, and management of their children, *In re Brock*, 442 Mich 101, 109; 499 NW2d 752 (1993), they do not have a constitutionally protected right to have a jury decide termination cases. See *In re Colon*, 144 Mich App 805, 818-819; 377 NW2d 321 (1985) (stating that cases involving the termination of parental rights were decided in equity under prior practice and, for that reason, there is no constitutional right to have a jury decide termination cases); accord, *In re Martin*, 200 Mich App 703, 719 n 5; 504 NW2d 917 (1993). A parent who is a respondent in a child protection proceeding does have a right to a jury during the adjudicative phase of the proceeding, but that right is provided by statute and court rule. See MCL 712A.17(2); MCR 3.911 (stating that a respondent only has the right to a jury at the trial and providing that the respondent must demand the right). Further, by rule, the trial court must advise the "respondent of the right to trial on the allegations in the petition and that the trial may be before a referee unless a demand for a jury or judge is filed" at the preliminary examination. MCR 3.965(B)(7).

The record shows that the trial court was not able to advise respondent of his right to a jury trial at the preliminary hearing because respondent was still hospitalized after his suicide attempt. The court may, but is not required to, adjourn the hearing if a parent is not present. MCR 3.965(B)(1). Here, the court elected to proceed in respondent's absence and respondent did not challenge that decision. Regardless, any error in failing to advise respondent of his right to a jury trial was harmless because respondent did in fact file a jury demand. Therefore, the trial court's failure to advise respondent of his right to demand a jury did not amount to plain error warranting relief. *Rivette*, 278 Mich App at 328.

Jury procedure in juvenile cases is governed by the general rules of civil procedure, including MCR 2.508. See MCR 3.911(C). Under MCR 2.508(D)(3), a respondent's lawyer has the authority to withdraw a jury demand, and respondent's lawyer unequivocally withdrew the jury demand on the record. Respondent was bound by this decision to the extent that his lawyer was acting within the scope of her authority. *Carrier Creek Drain Drainage Dist v Land One, LLC*, 269 Mich App 324, 331; 712 NW2d 168 (2005). Moreover, when the trial began, the court noted that the case had been called "for a scheduled bench trial" on the petition. Both respondent

and his lawyer were present and participated in the trial without objection, from which it can be inferred that respondent waived his right to a jury trial. *Marshall Lasser, PC v George*, 252 Mich App 104, 108-109; 651 NW2d 158 (2002). Consequently, there was no plain error warranting relief with regard to respondent's waiver of the right to a jury. *Rivette*, 278 Mich App at 328.

Finally, respondent raises several claims of ineffective assistance of counsel. Respondent had a constitutional right to the assistance of counsel throughout his termination proceedings. *In re Powers*, 244 Mich App 111, 121-122; 624 NW2d 472 (2000). "In analyzing claims of ineffective assistance of counsel at termination hearings, this Court applies by analogy the principles of ineffective assistance of counsel as they have developed in the criminal law context." *In re Simon*, 171 Mich App 443, 447; 431 NW2d 71 (1988). Because the trial court did not hold a hearing on respondent's claim that he did not receive the effective assistance of counsel, our review is for errors evident on the record alone. *People v Gioglio (On Remand)*, 296 Mich App 12, 20; 815 NW2d 589 (2012), remanded for resentencing 493 Mich 864. This Court reviews de novo whether a particular act or omission by respondent's counsel fell below an objective standard of reasonableness under prevailing professional norms and prejudiced his trial. *Id.* at 19-20.

In order to establish his claim, respondent must show that his lawyer's representation fell below an objective standard of reasonableness under prevailing professional norms and that there is a reasonable probability that, but for his lawyer's unprofessional errors, the result of the proceeding would have been different. *Id.* at 22.

Respondent argues that his lawyer's decision to withdraw the jury demand fell below an objective standard of reasonableness under prevailing professional norms and prejudiced his trial. In the civil context a respondent has a right to a jury trial, but only if he specifically demands one in writing. Const 1963, art 1, § 14; MCL 712A.17(2); MCR 3.911(B). Absent a written demand, the right is waived. Const 1963, art 1, § 14; MCR 2.508(D)(1). Once invoked, the right can be relinquished by the respondent or by his or her lawyer; there is no requirement that both consent. MCR 2.508(D)(3). Consequently, whether to assert or withdraw a jury demand in a termination proceeding is a matter of strategy.

This case involved highly sensitive allegations of possession of child pornography and sexual molestation of children. Respondent's lawyer might reasonably have believed that a referee was more likely to be able to fairly view the evidence and decide the issues in the case. Because a reasonable lawyer might withdraw the jury demand under these circumstances, respondent has not establish that the decision to do so fell below an objective standard of reasonableness under prevailing professional norms. See *Gioglio*, 296 Mich App at 22-23 (stating that a reviewing court must conclude that the act or omission of the respondent's lawyer "fell within the range of reasonable professional conduct if, after affirmatively entertaining the range of possible reasons for the act or omission under the facts known to the reviewing court, there might have been a legitimate strategic reason for the act or omission").

Respondent also argues that his lawyer was ineffective for failing to specifically address in closing argument that he was subject to a sentence that required lifetime electronic monitoring, which respondent maintains provided an added layer of protection for the children. "The purpose of closing argument is to allow attorneys to comment on the evidence and to argue their theories of law to the jury." *People v Finley*, 161 Mich App 1, 9; 410 NW2d 282 (1987). Whether and how to conduct a closing argument is a matter of trial strategy. See *In re Ayres*, 239 Mich App 8, 23; 608 NW2d 132 (1999).

The record shows that respondent's lawyer did not address the issue of lifetime electronic monitoring during closing argument at either the adjudicative or dispositional phase of the hearing. However, electronic monitoring could not assure the children's safety because it simply tracks an individual's movement and location. It does not indicate whether other persons are with the individual, or what the individual is doing. Therefore, it was not objectively unreasonable to refrain from mentioning the monitoring during closing argument. Further, respondent has not shown prejudice because the court was well aware of the condition, as indicated by the fact that it was specifically mentioned in both the order of adjudication and the referee's written recommendation. *Gioglio*, 296 Mich App at 22.

Respondent also argues that his lawyer was ineffective for failing to call as witnesses at the dispositional hearing persons who wrote favorable letters to the court in connection with respondent's sentencing in his criminal case. The letters are not properly part of the record on appeal. *People v Seals*, 285 Mich App 1, 20-21; 776 NW2d 314 (2009). But even considering the letters, the authors only attest to respondent's good character and love for his family in general. They do not refer to his aberrant sexual proclivities or the risk of harm he does or does not present to children. Therefore, even assuming that the authors would have testified consistent with the content of their letters, respondent has not shown that had the authors been called to testify, it is reasonably probable that the outcome of the dispositional hearing would have been different. The failure to call these witnesses did not amount to ineffective assistance of counsel that warrants relief. *Gioglio*, 296 Mich App at 22.

There were no errors warranting relief.

Affirmed.


/s/ Henry William Saad
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro