# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* GUY, Minors.

UNPUBLISHED
June 29, 2017

No. 336421
Calhoun Circuit Court
Family Division
LC No. 2016-052801-NA

Before: TALBOT, C.J., and BECKERING and M.J. KELLY, JJ.

PER CURIAM.

Respondent father appeals as of right from the trial court order terminating his parental rights to the minor children under MCL 712A.19b(3)(b)(*i*) (parent's act caused physical or sexual abuse, and there is a reasonable likelihood that the child will be harmed if placed in the parent's home), (g) (failure to provide proper care and custody with no reasonable expectation that the parent will be able to do so within a reasonable time), and (j) (reasonable likelihood that child will be harmed if returned to parent). We affirm.

The Department of Health and Human Services (DHHS) filed a petition requesting the termination of respondent's parental rights in May 2016. The petition alleged that respondent had repeatedly physically assaulted mother, resulting in his November 2015 arrest for felonious domestic assault. The petition further alleged that respondent had repeatedly engaged in sexual conduct with mother's minor child, MG, from 2010 to respondent's arrest in November 2015. A subsequent medical examination revealed that MG had contracted gonorrhea, a sexually transmitted disease that mother had also contracted. The trial court assumed jurisdiction over the minor children, and in December 2016, the court terminated respondent's parental rights.

On appeal, respondent argues that he received ineffective assistance of counsel at the adjudication trial. According to respondent, counsel was ineffective for failing to object to a hospital nurse's testimony that MG had contracted gonorrhea because the nurse based her conclusion solely on her physical examination and observations of MG rather than on the results of a laboratory test or a doctor's diagnosis. Respondent alleges that counsel was also ineffective for failing to call an expert witness to refute the nurse's testimony. We disagree.

Generally, "[a] claim of ineffective assistance of counsel is a mixed question of law and fact." *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). "A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *Id.* However, because respondent failed to preserve his claim of ineffective assistance of counsel by moving for an

evidentiary hearing, respondent failed to preserve this issue, and our review is limited to mistakes apparent on the record. See *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

"[A]lthough child protective proceedings are not criminal in nature, where the right to effective counsel arises from the Sixth Amendment, the Due Process Clause indirectly guarantees effective assistance of counsel in the context of child protective proceedings." *In re HRC*, 286 Mich App 444, 458; 781 NW2d 105 (2009); see also MCL 712A.17c (stating that the respondent has the right to an attorney at each stage of child protective proceedings). When analyzing claims of ineffective assistance of counsel in the context of termination of parental rights cases, "this Court applies by analogy the principles of ineffective assistance of counsel as they have developed in the context of criminal law." *In re Simon*, 171 Mich App 443, 447; 431 NW2d 71 (1988).

Accordingly, to demonstrate ineffective assistance of counsel, a respondent must show that (1) counsel's performance was deficient, and that (2) the deficient performance prejudiced the respondent. See *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). In proving deficient performance, the actions of a respondent's counsel are measured against an objective standard of reasonableness, *Payne*, 285 Mich App at 189, and the respondent must overcome "a strong presumption of effective counsel when it comes to issues of trial strategy," *People v Odom*, 276 Mich App 407, 415; 740 NW2d 557 (2007). To establish prejudice, the respondent must show a reasonable probability that, but for this deficient performance, "the result of the proceeding would have been different." *Carbin*, 463 Mich at 600.

"Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy." *People v Garza*, 246 Mich App 251, 255; 631 NW2d 764 (2001). Decisions regarding whether to object to testimony are also subject to a presumption of trial strategy. *Odom*, 276 Mich App at 415. Trial strategy is entitled to strong deference, see *id.*, and this Court "will not substitute its judgment for that of trial counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight," *Garza*, 246 Mich App at 255. Therefore, failing to call or question a witness appropriately only constitutes ineffective assistance if it deprives the respondent of a substantial defense. See *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004). "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009) (quotation marks and citation omitted).

Although respondent claims that counsel failed to contest the validity of MG's diagnosis, counsel did, in fact, do so. On cross-examination, counsel elicited testimony from the nurse establishing that MG never saw a doctor for her diagnosis, that the laboratory never ran MG's cultures, and that the nurse based her diagnosis solely on her examination and observation of MG's cervix and discharge.[1] At closing, counsel emphasized that there were no laboratory

---

[1] To the extent respondent is arguing that his counsel should have objected to the nurse's testimony based on her competency to testify, this argument lacks merit. MRE 701 provides that the testimony of a lay witness is restricted to "those opinions or inferences which are (a)

results confirming the nurse's diagnosis. It is conceivable that counsel's choice to emphasize the lack of physical evidence on cross-examination, rather than to obtain and call an expert witness[2] or object to the nurse's testimony, was a matter of trial strategy. See *Garza*, 246 Mich App at 255. Further, respondent has failed to demonstrate that counsel's actions deprived him of a substantial defense. *Dixon*, 263 Mich App at 398. Moreover, respondent could not have demonstrated that the alleged deficient performance was prejudicial because the trial court clearly stated that MG's gonorrhea diagnosis was not dispositive of its decision and explained that mother's testimony regarding domestic violence would have been sufficient for the trial court to assume jurisdiction over the children. *Carbin*, 463 Mich at 600 ("To demonstrate prejudice, the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different.").

Respondent also argues that he was deprived of his due process right to present a defense because the trial court refused to allow him to recall mother and MG as witnesses at the adjudication trial after they had already testified in the prosecutions' case and been subject to cross-examination by respondent's counsel. We disagree that defendant's due process rights were violated.

To begin, we address the contention by petitioner that respondent's appeal of this issue is not timely, as it relates to the adjudication trial and not the termination of parental rights hearing. Typically, "[m]atters affecting the court's exercise of its jurisdiction may be challenged only on direct appeal of the jurisdictional decision, not by collateral attack in a subsequent appeal of an order terminating parental rights." *In re Gazella*, 264 Mich App 668, 679-680; 692 NW2d 708 (2005), superseded by statute in part on other grounds in MCL 712A.19b(5). However, this is not true where "termination occurs at the initial disposition as a result of a request for termination contained in the original, or amended, petition for jurisdiction." *In re SLH*, 277 Mich App 662, 668; 747 NW2d 547 (2008). In the present case, termination occurred at the

rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Nurses performing sexual assault examinations and testifying as lay witnesses may testify as to whether observable physical and emotional conditions were consistent with recent sexual assault. *People v McLaughlin*, 258 Mich App 635, 657-658; 672 NW2d 860 (2003). The nurse's testimony that MG's cervix was irritated and that she had vaginal discharge were based on her observations when physically examining MG, and as such, it was properly admitted. The only statements the nurse made that could be construed as specialized knowledge was her belief that MG was suffering from gonorrhea. However, like the failure to call witnesses, the failure to object to testimony is presumed to be a matter of trial strategy. See *Odom*, 276 Mich App at 415. As described above, respondent's counsel elicited testimony establishing that a doctor never saw MG, that the laboratory did not generate any test results, and that the nurse's diagnosis was based only on her observations. It is conceivable that counsel chose not to object to her competency as a witness because he knew she was entitled to testify regarding her personal observations as a sexual assault nurse, and that he could discredit any medical diagnosis by highlighting the complete lack of corroborating evidence.

[2] Respondent has also not established that an expert witness would have refuted MG's diagnosis or benefitted him when testifying about MG's vaginal abnormalities.

initial disposition as the result of a termination request contained in the original petition. Accordingly, respondent's appeal is timely. *Id.*

A trial court's evidentiary decisions are generally reviewed for an abuse of discretion. *People v Hine*, 467 Mich 242, 250; 650 NW2d 659 (2002). "A trial court abuses its discretion when it chooses an outcome that is outside the range of reasonable and principled outcomes." *People v Orr*, 275 Mich App 587, 588-589; 739 NW2d 385 (2007). This Court reviews de novo constitutional questions, including claims that a respondent was denied the right to present a defense. *People v Kurr*, 253 Mich App 317, 327; 654 NW2d 651 (2002).

"The Fourteenth Amendment of the United States Constitution provides that '[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.' " *In re Sanders*, 495 Mich 394, 409; 852 NW2d 524 (2014), citing US Const, Am XIV, § 1. "Included in the Fourteenth Amendment's promise of due process is a substantive component that 'provides heightened protection against government interference with certain fundamental rights and liberty interests.' Among these fundamental rights is the right of parents to make decisions concerning the care, custody, and control of their children." *Id.* (citation omitted). See also *In re Beck*, 488 Mich 6, 11; 793 NW2d 562 (2010) (stating that parents have a "fundamental liberty interest in the companionship, care, custody, and control of their children").

"[T]he right to present a defense is a fundamental element of due process," *People v Hayes*, 421 Mich 271, 279; 364 NW2d 635 (1984), and it includes the right to call witnesses to establish that defense, *People v Yost*, 278 Mich App 341, 379; 749 NW2d 753 (2008). However, it is limited by the requirement that a respondent "comply with established rules of procedure and evidence designed to assure both fairness and reliability." *Id.* (quotation marks and citation omitted).

On appeal, respondent fails to identify what defense he was precluded from introducing by virtue of being denied the opportunity to call MG and mother back to the witness stand. Respondent's counsel cross-examined both witnesses thoroughly.[3] Counsel emphasized the inconsistencies in the witnesses' testimony, implied that the witnesses may have manufactured the sexual abuse allegations in order to get respondent out of the home, and expressed skepticism that MG could have undergone years of sexual abuse without mother's knowledge. Given that mother and MG testified as to respondent's repeated physical and sexual abuse, it is difficult to estimate what testimony the witnesses could have offered in respondent's favor had respondent been allowed to call them back to the stand. Further, respondent advanced no particular argument as to his innocence of sexually abusing MG or physically assaulting mother that could have been corroborated by any testimony. Therefore, respondent has not demonstrated that the trial court prohibited him from presenting a defense. See *People v Solloway*, 316 Mich App 174;

---

[3] Although defendant wanted to exercise his right to represent himself in order to personally examine the witnesses, he does not indicate how this would have presented a defense, *Hayes*, 421 Mich 279, and the trial court did not abuse its discretion in declining to allow the witnesses to be examined a second time, *Hine*, 467 Mich at 250.

891 NW2d 255 (2016); slip op at 12. Accordingly, respondent has not established that the trial court denied him due process when it declined to allow him to call MG and mother back to the stand to testify a second time. *Id.*

Affirmed.

/s/ Michael J. Talbot
/s/ Jane M. Beckering
/s/ Michael J. Kelly