*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PLSR, Minor.

UNPUBLISHED
March 12, 2019

No. 344843
Marquette Circuit Court
Family Division
LC No. 18-004705-AY

Before: RIORDAN, P.J., and MARKEY and LETICA, JJ.

PER CURIAM.

Petitioner appeals by right an order denying her petition to terminate the parental rights of respondent to their child and to grant a petition for stepparent adoption. Because the trial court did not clearly err when it found that respondent engaged in regular and substantial attempts to contact the child and that petitioner blocked his ability to do so, we affirm.

## I. FACTS

Petitioner and respondent were never married, and they separated when their child was about three years old. Both parties used drugs before the child was born, but petitioner testified that she and respondent broke up because respondent was unable to stay clean. According to petitioner, after she and respondent separated, respondent had phone contact with the child. Petitioner agreed that when the child was young, respondent and the child were close. The parties' custody order provided that respondent's visits with the child were to be supervised.

Respondent was imprisoned at some point between his separation from petitioner and 2016. Petitioner testified that respondent called and spoke with the child while he was in prison. Respondent's fiancée testified that respondent had five or six visits with the child between June and September 2016. She also testified that respondent read the child books over FaceTime during the summer of 2016. Both petitioner and respondent testified that respondent had an in-person visit with the child in March 2017, which was the last in-person contact petitioner had allowed respondent to have with the child. Respondent's fiancée testified that respondent spoke with the child over FaceTime after March 2017 and until August 2017.

Petitioner testified that in December 2016, she "learned through the grapevine" that respondent was again using drugs, and she warned him that if he continued she would petition to

terminate his parental rights. Respondent indicated that he was placed in jail and drug rehabilitation in October 2017. Respondent further testified that he had attempted to contact petitioner and the child every month since then, but he received no response from petitioner and had no way to contact the child except through petitioner.[1] Respondent claimed that he had not used drugs since October 2017.

In December 2017, petitioner filed a motion to modify the custody order, and on January 16, 2018, she was granted sole legal and physical custody of the child. On March 6, 2018, petitioner filed a petition alleging that respondent failed to substantially support or communicate with the child during the previous two years, thereby supporting the termination of his parental rights. At the hearing, petitioner agreed that over the last few months, respondent had tried to contact the child 10 or more times and had asked for parenting time on more than five occasions.

The trial court found that, while respondent had paid some child support, he had not substantially complied with the court's orders because the payments were not in the full amount. But the trial court also found that respondent had not failed to regularly and substantially visit, contact, or communicate with the child when he had the ability to do so. The court determined that petitioner had blocked respondent's ability to communicate with the child and that he had made regular and substantial attempts to visit, contact, and communicate with the child over the phone and through text messages in the two years before the termination petition was filed.

## II. APPLICABLE STATUTORY PROVISION AND STANDARD OF REVIEW

Petitioner's action against respondent implicated MCL 710.51(6), which provides as follows:

(6) If the parents of a child are divorced, or if the parents are unmarried but the father has acknowledged paternity or is a putative father who meets the conditions in section 39(2) of this chapter, and if a parent having custody of the child according to a court order subsequently marries and that parent's spouse petitions to adopt the child, the court upon notice and hearing may issue an order terminating the rights of the other parent if both of the following occur:

(a) The other parent, having the ability to support, or assist in supporting, the child, has failed or neglected to provide regular and substantial support for the child or if a support order has been entered, has failed to substantially comply with the order, for a period of 2 years or more before the filing of the petition. . . . .

(b) The other parent, having the ability to visit, contact, or communicate with the child, has regularly and substantially failed or neglected to do so for a period of 2 years or more before the filing of the petition.

---

[1] Respondent testified that petitioner allowed him to have one phone call with the child in January 2018.

For purposes of MCL 710.51(6), a petitioner must prove by clear and convincing evidence that termination of the noncustodial parent's rights to a child is warranted. *In re ALZ*, 247 Mich App 264, 272; 636 NW2d 284 (2001). "We review the lower court's findings of fact under the 'clearly erroneous' standard," and a "finding is clearly erroneous if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake was made." *Id.* at 271-272.

## III.  REGULAR AND SUBSTANTIAL CONTACT

Petitioner argues that the trial court clearly erred in concluding that she did not establish under MCL 710.51(6)(b) that respondent failed to regularly and substantially visit, contact, or communicate with the child when he had the ability to do so.  We disagree.

Again, petitioner had to show that respondent, "having the ability to visit, contact, or communicate with the child, . . . regularly and substantially failed or neglected to do so for a period of 2 years or more before the filing of the petition."  MCL 710.51(6)(b).  In *In re ALZ*, 247 Mich App at 273, this Court held that the family court had not erred in concluding that the "respondent did not have the ability to visit, contact, or communicate with A.L.Z. because of petitioner mother's refusal to allow respondent to establish contact with the child."  If a parent, however, does not make an attempt to contact or visit a child, termination of parental rights may be warranted. *In re Simon*, 171 Mich App 443, 449; 431 NW2d 71 (1988).

In this case, petitioner and respondent's fiancée each testified that respondent had five visits with the child over the last two years.  Compare *In re Martyn*, 161 Mich App 474, 482; 411 NW2d 743 (1987) (two visits early on in the two-year period and one phone call constituted a substantial failure to visit, contact, or communicate with the child).  Respondent's fiancée also testified that respondent spoke with the child over FaceTime, including reading her books, during the summer of 2016.  Respondent visited with the child in March 2017, and both parties testified that this was the last time petitioner allowed respondent to see the child.  Respondent's fiancée testified that after March 2017, respondent communicated with the child over FaceTime until August 2017.  Respondent testified that he was in jail and rehabilitation in October 2017. Respondent asked for parenting time in October 2017, but petitioner denied his request.

Petitioner argues that respondent did not engage in multiple attempts to contact the child. In the application of the clearly-erroneous standard when reviewing a trial court's factual findings, "regard shall be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it."  MCR 2.613(C).  According to respondent, after petitioner stopped him from communicating with the child, he sent between 30 and 50 messages to petitioner asking her to allow him to see and communicate with the child. Respondent testified that he had attempted to contact petitioner every month regarding the child. Respondent provided nine text-message photographs of his attempts to communicate with the child through petitioner, noting that even more attempts had been made but he was unable to provide additional photographs.  We decline to interfere with the trial court's credibility assessment of respondent's testimony.

Moreover, testimonial evidence established that respondent had regular contact with the child in the summer of 2016, which was within two years of the filing of the petition, that

respondent saw the child in August 2017, and that respondent attempted to contact and communicate with the child—including a request to see the child in October 2017—but petitioner would not allow respondent to have contact with the child. We are not left with a definite and firm conviction that a mistake was made by the trial court when it found that MCL 710.51(6)(b) was not established.

We affirm. Having fully prevailed on appeal, taxable costs, if any, are awarded to respondent under MCR 7.219.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Anica Letica