*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* VRK, Minor.

UNPUBLISHED
May 2, 2024

No. 367877
St. Clair Circuit Court
Family Division
LC No. 23-000006-AY

Before: GADOLA, C.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

Petitioners, mother and husband, appeal as of right an order denying their supplemental petition and affidavit to terminate parental rights for a stepparent adoption. We affirm.

This case arises out of a petition to terminate respondent's parental rights as part of a stepparent adoption of the minor child, VRK, by petitioner husband. On February 2, 2023, petitioners filed a petition for stepparent adoption of VRK. The petition requested the termination of respondent's parental rights as the noncustodial parent, and stated that "the noncustodial parent has failed to provide support or comply with a support order and failed to visit or contact the adoptee for a period of (two) years or more." That same day, petitioner mother filed a supplemental petition and affidavit to terminate respondent's parental rights. The trial court then ordered a court agent to investigate the matter and report her findings, which occurred in May, 2023, when the court agent recommended approval of the adoption of VRK by petitioner husband.

A hearing was subsequently held on the petition to terminate respondent's parental rights. At the conclusion, the trial court determined that respondent was employed and able to support VRK with $856 per month under the Michigan Child Support Formula, but that respondent had not paid anything. Therefore, the court determined that respondent had failed or neglected to provide any support for VRK for a period of two years prior to the filing of the petition to terminate his parental rights under MCL 710.51(6)(a). The trial court, however, concluded that MCL 710.51(6)(b) was not met because, even though respondent did not have any contact with VRK for two years prior to the petition being filed, that was in part because he was under a no-contact order from a prior criminal conviction and did not have the ability to visit, contact, or communicate with VRK. The court held that respondent did not have the ability to contact VRK until July 2021, and because the petition was filed in February 2023, he was not able to contact VRK for the full two

-1-

years prior to the filing of the petition, as required by statute. The trial court therefore denied the petition.

On appeal, petitioners argue that respondent's conduct falls within the purpose of the statute because he essentially abandoned VRK, and it was shown that he was unavailable to consent to petitioner husband's adoption of VRK under MCL 710.51(6). Petitioners also argue that, as a matter of public policy, respondent cannot use his wrongful criminal conduct as a defense to his parental rights being terminated.

"The petitioner has the burden to prove by clear and convincing evidence that termination of the noncustodial parent's rights is warranted." *In re ALZ*, 247 Mich App 264, 272; 636 NW2d 284 (2001). This Court reviews a trial court's factual findings and ultimate determinations for clear error. *In re NRC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 362915); slip op at 2. "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004).

MCL 710.51(6) states:

If the parents of a child are divorced, or if the parents are unmarried but the father has acknowledged paternity or is a putative father who meets the conditions in section 39(2) of this chapter, and if a parent having custody of the child according to a court order subsequently marries and that parent's spouse petitions to adopt the child, the court upon notice and hearing may issue an order terminating the rights of the other parent if both of the following occur:

(a) The other parent, having the ability to support, or assist in supporting, the child, has failed or neglected to provide regular and substantial support for the child or if a support order has been entered, has failed to substantially comply with the order, for a period of 2 years or more before the filing of the petition. A child support order stating that support is $0.00 or that support is reserved shall be treated in the same manner as if no support order has been entered.

(b) The other parent, having the ability to visit, contact, or communicate with the child, has regularly and substantially failed or neglected to do so for a period of 2 years or more before the filing of the petition.

"In order to terminate parental rights under the statute, the court must determine that the requirements of subsections a and b are both satisfied." *In re ALZ*, 247 Mich App at 272. The court's authority to terminate parental rights under the statute is permissive rather than mandatory. *Id*. at 272-273. The applicable two-year period in MCL 710.51(6) is the two years immediately preceding the date on which the petition is filed. *Matter of Hill*, 221 Mich App 683, 689; 562 NW2d 254 (1997). The trial court concluded that MCL 710.51(6)(a) was satisfied, finding that respondent had failed or neglected to provide regular and substantial support for the child in the two years prior to the petition being filed. Only MCL 710.51(6)(b) is at issue in this appeal.

Petitioners, citing to *Matter of Colon*, 144 Mich App 805, 817; 377 NW2d 321 (1985), argue that the primary purpose of the statute is to allow a stepparent to adopt a child whose noncustodial parent has essentially abandoned the child and has refused to, or is unavailable to, consent to the adoption. Petitioners argue that when a court has entered an order suspending parenting time until the affected parent shows why it should be restored, and that parent then does not take any action to make that showing, that a court can find the parent has not visited or communicated with the child under MCL 710.51(6), citing to *In re Simon*, 171 Mich App 443, 445-449; 431 NW2d 71 (1988). Under this theory, petitioners contend that respondent was unavailable to be a parent because (1) of his own wrongful criminal acts, (2) he did not seek an appeal or modification to his sentence or the no-contact order, and (3) he has not seen VRK since December of 2019, which is more than two years prior to the date the petition was filed. Petitioners argue the purpose of MCL 710.51(6) has been satisfied and that respondent should not be able to use his violation of the law to his own benefit under the wrongful-conduct rule established by *Orzel v Scott Drug Co*, 449 Mich 550, 558; 537 NW2d 208 (1995). The wrongful-conduct rule in *Orzel* states:

> When a plaintiff's action is based, in whole or in part, on his own illegal conduct, a fundamental common-law maxim generally applies to bar the plaintiff's claim:
>
> > A person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party. [*Orzel*, 449 Mich at 558 (alteration and citations omitted).]

Respondent argues, and the trial court found, that he did not have the ability to contact VRK until July of 2021, when he was released from his no-contact order, which was not more than two years prior to the date the petition was filed.

We conclude that the trial court did not err when it determined MCL 710.51(6)(b) was not satisfied because respondent did not have the ability to visit, contact, or communicate with VRK for a full two years before the petition was filed. Petitioners filed the petition to terminate respondent's parental rights for the purposes of a stepparent adoption on February 2, 2023, but respondent was not able to visit, contact, or communicate with VRK until July of 2021 because of the no-contact order. Therefore, respondent was only able to contact or visit VRK for about a year-and-a-half, not for the full two years as required by the statute. Petitioners argue the purpose of the statute has been satisfied, but the trial court made no conclusions that respondent abandoned his child, nor was it established that he was unavailable to consent to the adoption. Additionally, the plain language of the statute is what garners our attention, not its supposed general purpose.

*In re Kaiser*, 222 Mich App 619; 564 NW2d 174 (1997), is the most analogous decision. In that case, this Court held that the trial court erred when it determined the respondent had the ability to visit, contact, or communicate with the child for the two years prior to the petition being filed, despite the respondent's visitation rights being terminated by a trial court order pending a favorable report from a therapist or counselor. *Id*. at 623. This Court reversed the trial court's decision, reasoning that the respondent was "prevented" by the circuit court from having any contact with the children and, therefore, that it could not be shown that the respondent had the

ability to visit, contact, or communicate with the children under MCL 710.51(6)(b). *Id*. at 624-625. As in *In re Kaiser*, respondent was prevented from visiting, contacting, or communicating with VRK as a result of the no-contact order he was subjected to in his criminal case. And, because as in *In re Kaiser* the no-contact order was in place because of allegations (proven here, but not in *Kaiser*) that the respondent acted in a harmful way against the child, *In re Kaiser* is not distinguishable. Therefore, petitioners could not show that respondent had the ability to visit, contact, or communicate with VRK under MCL 710.51(6)(b) for the full two-year period.[1]

Although petitioners' argument that the time during which he was subject to the no-contact order should count against him for purposes of MCL 710.51(6)(b) is appealing from an equity point of view, our focus is on the statute. Nowhere in the statute is the "wrongful conduct" rule imposed, and we cannot impose that doctrine into the meaning of "ability." The common definition of "ability" most in line with the context in which it is used in the statute is "physical, mental or legal power to perform." Merriam-Webster's Collegiate Dictionary (11th ed). Because respondent did not have the "legal power" to contact VRK during the time the order was in place, he did not have the ability to do so under the statute.

Affirmed.

/s/ Michael F. Gadola
/s/ Christopher M. Murray

---

[1] Additionally, the wrongful-conduct rule does not apply because this is not a legal action by respondent for damages based on his criminal wrongful acts. *Orzel*, 449 Mich at 558.

-4-