*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* N. K. WARREN, Minor.

UNPUBLISHED
February 12, 2026
2:57 PM

No.   375210
Genesee Circuit Court
Family Division
LC No.   24-140183-NA

Before:  BORRELLO, P.J., and MARIANI and TREBILCOCK, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court's order authorizing the petition with respect to her biological child and ordering that the child, who was already in the care of the child's guardians, should not be returned to respondent's care.  For the reasons set forth in this opinion, we reverse.

## I.  BACKGROUND

The record before this Court is minimal.  The minor child was born in 2012.  In August 2024, the minor child's guardian—respondent's mother—petitioned to terminate respondent's parental rights pursuant to the Juvenile Code.  Since 2021, a no-contact order entered by the probate court in the underlying guardianship proceeding had prohibited respondent from contacting the minor child, permitting her to petition for visitation only upon satisfying eight enumerated conditions, including completion of parenting classes, maintenance of sobriety from controlled substances and alcohol, and absence of pending criminal charges.

In the instant proceedings, the guardian's second amended petition alleged that respondent had not had contact with the child for five years, that respondent had been charged with multiple felonies and misdemeanors since entry of the no-contact order, and that respondent was presently incarcerated.  The petition further alleged that the minor child had resided with the guardians—

respondent's mother and her spouse[1]—for more than ten years. Relevant to this appeal, the petition alleged jurisdiction under MCL 712A.2(b)(6) on the ground that respondent failed to provide support for or maintain contact with the child for a period of two or more years.

At the jurisdictional hearing, respondent sought to proffer testimony that her mother had prevented contact with the child and disputed the characterization of her criminal history. The referee observed that the no-contact order was conditional and found that the guardians had not prevented respondent from having contact with the child. Rather, the referee stated that respondent "was preventing herself from seeing the child by not doing what the court ordered her to do in order to fix that situation." When respondent attempted to explain that she had completed parenting classes, the referee interrupted her and proceeded with its ruling. The referee concluded that respondent "elected not to do the things that were necessary in order to have parenting time" and that "[t]here has been services that mother could have completed in order to either rectify the conditions that led to the guardianship and she just hasn't done it." The referee did not identify the specific services to which it referred. Although the referee acknowledged that it was not ordering a removal and that the child was already subject to a guardianship, it ordered that the child could not be returned to respondent. The referee authorized the petition, the trial court entered an order consistent with the referee's recommendation, and respondent timely appealed.

## II. FACTUAL FINDINGS FOR REMOVAL

Respondent first argues that the trial court erred by failing to make factual findings required under MCL 712A.13a(9) and MCR 3.965(C)(2) before removing the child from her care. Because the trial court neither removed the child nor placed the child in foster care, the statute and court rule cited by respondent are inapplicable.

In child protective proceedings, this Court reviews the trial court's factual findings for clear error. *In re Benavides*, 334 Mich App 162, 167; 964 NW2d 108 (2020). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Miller*, 347 Mich App 420, 425; 15 NW3d 287 (2023) (quotation marks and citation omitted). This Court reviews de novo the interpretation and application of court rules and statutes. *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014).

Under MCL 712A.13a(9) and MCR 3.965(C)(2), the trial court may order a child to be placed into foster care if the court makes five enumerated factual findings. *In re Williams*, 333 Mich App 172, 182-183; 958 NW2d 629 (2020). Although the trial court's order refers to the child being "removed," the child was not, in fact, removed, and the trial court also did not "place" the child into foster care because the child had already been removed and was already placed in an established guardianship. Here, it is evident that the trial court merely released the child to the custody of her guardians under MCL 712A.13a(3) and MCR 3.965(B)(13)(a), both of which permit the court to release a child to the custody of the child's guardian under "reasonable terms

---

[1] It appears that the co-guardians are married, but it is not entirely clear from the minimal record in this case.

and conditions" that the court believes are necessary for the child's protection. The provision that the child could not be returned to respondent was redundant in light of the no-contact order and was a reasonable condition for the child's protection. MCL 712A.13a(9) and MCR 3.965(C)(2) were not implicated because the trial court did not place the child into foster care, and respondent has not demonstrated that the trial court erred by failing to comply with those provisions.

## III. ABILITY TO SUPPORT AND CONTACT

Respondent also argues that the trial court erred by authorizing the petition because there was no evidence that she had the ability to support or to contact the child as required by MCL 712A.2(b)(6).

The trial court "may authorize the filing of the petition upon a finding of probable cause that one or more of the allegations [in the petition] are true and could support the trial court's exercise of jurisdiction under MCL 712A.2(b)." *In re Ferranti*, 504 Mich 1, 15; 934 NW2d 610 (2019). This Court reviews a trial court's decision whether to authorize a petition to initiate child protective proceedings for an abuse of discretion. *In re Nikooyi*, 341 Mich App 490, 494; 991 NW2d 619 (2022). A trial court abuses its discretion if it chooses an outcome outside the range of principled outcomes or commits an error of law. *Id*. The trial court's findings of fact are reviewed for clear error, which occurs if, although there is evidence to support the finding, this Court is "left with a definite and firm conviction that a mistake was made." *In re ALZ*, 247 Mich App 264, 271-272; 636 NW2d 284 (2001). As previously stated, we review the interpretation of statutes and court rules de novo. *In re Sanders*, 495 Mich at 404.

Here, the petition expressly alleged that the minor child came within the court's jurisdiction under MCL 712A.2(b)(6), which provides that the court has

> [j]urisdiction in proceedings concerning a juvenile under 18 years of age found within the county:
>
> * * *
>
> (6) If the juvenile has a guardian under the estates and protected individuals code, 1998 PA 386, MCL 700.1101 to 700.8206, and the juvenile's parent meets both of the following criteria:
>
> (A) The parent, having the ability to support or assist in supporting the juvenile, has failed or neglected, without good cause, to provide regular and substantial support for the juvenile for 2 years or more before the filing of the petition or, if a support order has been entered, has failed to substantially comply with the order for 2 years or more before the filing of the petition. As used in this sub-subdivision, "neglect" means that term as defined in section 2 of the child abuse and neglect prevention act, 1982 PA 250, MCL 722.602.
>
> (B) The parent, having the ability to visit, contact, or communicate with the juvenile, has regularly and substantially failed or neglected, without good cause, to do so for 2 years or more before the filing of the petition. As used in this sub-

subdivision, "neglect" means that term as defined in section 2 of the child abuse and neglect prevention act, 1982 PA 250, MCL 722.602.

Regarding subparagraph (A), there was some indication in the record that respondent never provided any support for the child, even before she was incarcerated or subject to the no-contact order. However, there was no evidence put forth to support a claim that she had an ability to pay. Accordingly, there was no basis on which the trial court could have found probable cause that respondent had the ability to provide support for the child as required under MCL 712A.2(b)(6)(A).

Regarding subparagraph (B), the hearing referee correctly observed that the no-contact order was conditional. However, the mere existence of conditions that a parent could conceivably satisfy to gain access to a child is insufficient to automatically establish that subparagraph (B) was satisfied.

To assess the legal definition of a parent's "ability" to contact a child under different court orders, we must first understand the statutory language of MCL 712A.2(b)(6)(B). This Court, in *In re ALZ*, 247 Mich App at 273-276 held that a putative father who sought an order of filiation and requested child visitation was denied contact by the mother and therefore did not have the "ability" to contact the child. Similarly, this Court held that a child's parent who was subject to a conditional no-contact order did not have the "ability" to contact the child because the conditions required the parent to obtain a favorable recommendation from a therapist, there was no evidence that the parent would be allowed to contact the children merely by submitting to a psychological evaluation, the parent made good-faith efforts to attend counseling, and the parent tried to contact the children only to be rebuffed by the custodial parents. *In re Kaiser*, 222 Mich App 619, 623-625; 564 NW2d 174 (1997).

In contrast, however, this Court held that a child's father did have the "ability" to contact the child despite being subject to a conditional no-contact order because the condition only required him to show cause why visitation would be in the child's best interest and the father never made any effort to seek visitation privileges or even to locate the child. *In re Simon*, 171 Mich App 443, 445-446, 448-449; 431 NW2d 71 (1988).

These cases establish that the parent's efforts to gain access to the child are an important part of the analysis. The parent in *Simon* was subject to a conditional no-contact order but made no effort to satisfy the conditions, resulting in no attempt to locate the child. In contrast, the parent in *Kaiser* faced a similar conditional no-contact order and took measures to satisfy the conditions, though these efforts were thwarted by the custodial parent. Similarly, the parent in *ALZ* contended with a restrictive order and made attempts to communicate; however, these efforts were thwarted by the custodial parent. Lastly, the parent in *Kaiser* had to comply with conditions reliant on a third-party therapist, which were outside the parent's sole control, preventing guaranteed contact with the child.

Here, the hearing referee clearly erred by finding that respondent *elected* not to satisfy the conditions in the no-contact order. Nothing in the record supports that finding, and what little evidence there is, which the referee either ignored or cut off, suggests that respondent made some efforts to satisfy the conditions and some efforts to communicate with the child, but that

respondent's efforts were thwarted by her mother. The referee referred vaguely to services that respondent could have completed, but it did not identify those services, and the only services hinted at are the parenting classes that respondent contended she completed. Because the no-contact order does not say that respondent will be granted visitation even if she does comply with the conditions, but rather that she may petition for visitation, the record, to the minimal extent the trial court made one, suggests that respondent tried to contact the child and tried to satisfy the conditions of the no-contact order but that regaining contact with the child was not solely within her power. Thus, MCL 712A.2(b)(6)(B) was not established.

On this limited record we conclude that the trial court abused its discretion by authorizing the petition based on the current record, and thus, we reverse the court's order and remand the matter for proceedings consistent with this opinion.

Lastly, petitioner-appellee[2] argues that respondent is attempting to mount an impermissible collateral attack on the 2021 no-contact order. We see no merit in this characterization of respondent's position, and respondent has sought no relief from that prior no-contact order in this appeal. Furthermore, to the extent petitioner is attempting to pursue relief beyond what has been raised by respondent on appeal, we decline to address that effort absent a cross-appeal. See *Kosmyna v Botsford Community Hosp*, 238 Mich App 694, 696; 607 NW2d 134 (1999).

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Philip P. Mariani
/s/ Christopher M. Trebilcock

---

[2] Counsel for petitioner-appellee were granted oral argument but did not appear.